Per Curiam.

The objection made by the defendant is, that *221 being a factor in a distant place, he was not obliged to remit the proceeds of the sales without orders from the consignor, and that a previous demand of the money was requisite to sustain the action. The general rule is so, when the factor conducts himself according to the usual mode of doing business ; but if he deviates, the principle may not apply. It has been argued that he is not obliged to render an account until requested. We understand the law to be otherwise. It is the duty of a factor to give notice, within a reasonable time, of his transactions. After selling, he should immediately transmit an account of sales to' the consignor, who will give directions as to the disposing of the proceeds. That the factor should be allowed to lie by for two years, without rendering an account of sales, is a novel principle. That is a negligence which deprives him of the right to set up as a defence, that no demand was made upon him to pay over the proceeds.[1]

Judgment according to verdict.

 See Dodge v Perkins, 9 Pick. 368; Colly v. Dudley, Turner & Russ. 421; Toney v. Bryant, 16 Pick. 530 ; Burton v. Collin, 3 Missouri R. 315; Selden v. Beale, 3 Green. 178; Christy v. Douglas, Wright, 485; Pearse v. Green, 1 Jac. & Walk. 135.